Janet **HOWELL, Debra Craig, Frankie Gooden, Belinda Brown, all on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

James L. **TRAINOR, Director, Illinois Department of Public Aid, Defendant.**

No. 77 C 508.

United States District Court,
N. D. Illinois, E. D.

May 26, 1977.

---

Nils Olsen, Jr. and Frank S. Bloch, Mandel Legal Aid Clinic, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., Welfare Litigation Division, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on plaintiffs' Motion for a Preliminary Injunction.

This class action for declaratory and injunctive relief concerns policies and procedures of the Illinois Department of Public Aid ("IDPA") for recovery of duplicate payments of assistance under Title IV of the Social Security Act [Aid to Families with Dependent Children ("AFDC")]. Jurisdiction is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1343(3) and (4) and 28 U.S.C. §§ 2201 and 2202.

### I. STATEMENT OF FACTS

The named plaintiffs are recipients of public assistance grants administered by the

IDPA under Title IV of the Social Security Act, 42 U.S.C. §§ 601 *et seq.,* a joint federal-state public assistance program. Defendant was the Director of the IDPA at the time this cause was filed. The Director's duties include administering the public assistance programs in the State of Illinois, and adopting and implementing policies, rules and regulations for the IDPA which conform with applicable federal laws and regulations.

IDPA has a procedure whereby a recipient who has not received an expected assistance warrant (or check) may request and receive a replacement. If the original warrant is also cashed, IDPA internally determines whether the recipient himself has cashed it. Upon a determination that the recipient has cashed and received both the original and replacement warrants, IDPA takes action to recover the amount allegedly overpaid by reducing the current AFDC grant regardless of whether there is income beyond that grant. The amount reduced is determined by a fixed formula.

In Count I plaintiffs allege that no consideration is given to whether a reduction will cause undue hardship to the recipient and other members of the assistance unit. Plaintiffs allege that these practices and policies violate the rights of recipients under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, and that they also conflict with provisions of the Social Security Act and applicable federal regulations.

In Count II plaintiffs allege that the IDPA does not provide the fair hearings that the United States Constitution and federal law require upon review of decisions to recoup duplicate assistance payments.

Specifically, plaintiffs allege that it is the policy and practice of IDPA to deny recipient-appellants and their representatives any opportunity to copy documents in IDPA's possession concerning the action. Plaintiffs argue that certain of these documents are necessary to preparation and presentation of evidence on their behalf at the hearing.

It is further argued that the Final Administrative Decisions may be based entirely upon hearsay evidence. Plaintiffs contend that such decisions:

(1) deny recipients benefits without establishing their ineligibility,

(2) are not based upon the preponderance of the evidence but rather upon a standard of review not published or available to recipients or their representatives, and

(3) accord undue regard to evidence offered by IDPA.

The named plaintiffs bring the action on their own behalf and on behalf of all persons similarly situated. The class plaintiffs seek to represent consists of all persons who are or will become recipients of public assistance grants administered by the IDPA pursuant to Title IV of the Social Security Act, and who are having or will have their current assistance grants reduced on the basis of an IDPA finding that they have received and cashed both original and replacement assistance warrants where no income beyond the current AFDC payment exists.

## II. PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Three of the named plaintiffs, Belinda Brown, Debra Craig and Frankie Gooden ("plaintiffs"), move individually for preliminary injunctive relief as requested in Count I of their verified complaint. Plaintiffs challenge IDPA's general practice of recovering alleged duplicate overpayments of assistance or, in the alternative, IDPA's practice of recoupment by means of a standardized six or four month reduction of current assistance payments.

When the IDPA determines that a recipient has received and cashed both original and duplicate assistance warrants, the amount allegedly overpaid is recovered by reduction of future assistance payments over a six month period. Subsequent overpayments of this type are recovered by reductions over a four month period. *See* AFDC Categorial Manual PO–1335.

Plaintiffs allege that this reduction of the AFDC grant is made regardless of whether there is any income or resource available to meet current subsistence needs of the assistance unit, and without any case-by-case determination whether the reduction will cause undue hardship.

Basically, plaintiffs seek expedited injunctive relief because they are alleging that the recoupment practices of IDPA cause their families to live below subsistence level.

■ For a preliminary injunction to issue, the movant must establish: (1) likelihood of success on the merits, (2) irreparable injury, (3) lack of serious adverse effects on others, and (4) sufficient public interest, *Illinois Migrant Council v. Pilliod,* 540 F.2d 1062 (7th Cir. 1976). These factors will be considered for each of plaintiffs' two alternative claims for relief.

## A. Recoupment in General

■ Plaintiffs first claim that any recoupment of duplicate assistance payments from current AFDC assistance benefits where no other income exists is precluded under the AFDC statute. After due consideration of the parties' arguments and the relevant statutes and regulations, this Court finds no merit in this contention.

Under 42 U.S.C. § 601 the purpose of the AFDC program is to "encourage the care of dependent children in their own homes . . . to help maintain and strengthen family life." Plaintiffs allege that to allow recoupment when a recipient lacks the available income and resources to meet his current basic needs other than by the monthly AFDC grant is contrary to the intent of Congress and to specific provisions of the AFDC statute.

That statute provides that in determining need, State AFDC plans must "take into consideration any other income and resources" of any family claiming assistance, 42 U.S.C. § 602(a)(7). Plaintiffs reason that since eligibility for assistance is predicated upon financial need, this "income and resources" section of the Act should permit consideration *only* of such income and resources as are actually available for current use to the family for meeting expenses.

Once eligibility is determined, the State is required to notify the recipient as to the amount of assistance to which he is entitled under the state plan, 45 C.F.R. § 206.-10(a)(4). The State must then continue to make payments in that amount on a regular basis unless and until the recipient's circumstances change, 45 C.F.R. § 206.10(a)(5). Plaintiffs argue that reduction of plaintiffs' monthly AFDC grants without consideration of whether duplicate assistance received is actually *currently* available to meet present needs violates Section 602(a)(7), the "income and resources" section.

Plaintiffs further argue that recoupment is not permissible when a recipient lacks other income or resources because each State participating in the AFDC program must provide aid to "all eligible individuals," 42 U.S.C. § 602(a)(10). This Court disagrees.

Recoupment in general does not affect eligibility for aid; it only affects the amount an otherwise eligible recipient is entitled to receive.

Additionally, this Court concurs with the decision in *Jackson v. Weinberger,* 407 F.Supp. 792 (W.D.N.Y.1976), in which that Court noted Congressional "approval through silence" on the issue of recoupment.

> Recoupment for overpayments caused by deliberate withholding of information regarding income by the recipient has been authorized by federal regulation at least since early 1969. * * * Congress has the authority to impose new or different requirements for AFDC recipients. Its silence over a protracted period of time, when HEW regulations allow recoupments under [these] circumstances . . . indicates its approval of the regulations.

*Id.* at 797.

In light of the conclusion that recoupment in general is permissible, this Court finds that plaintiffs have not demonstrated a likelihood of success on the merits of this

issue and therefore are not entitled to injunctive relief.

Accordingly, plaintiffs' Motion for Preliminary Injunction is denied with regard to IDPA's general practice of recovering allegedly duplicate payments from current assistance grants regardless of whether there is income beyond the grant.

### B. *Defendant's Recoupment Practice*

 Plaintiff's alternative claim is addressed to defendant's specific policy and practice of recoupment from current assistance payments without consideration on a case-by-case basis of whether the proposed reduction would cause the assistance unit undue hardship.

### *Likelihood of Success on the Merits*

This Court finds that plaintiffs have clearly demonstrated a likelihood of success on the merits. Under the IDPA recoupment policy at issue here, when IDPA has determined that a recipient has received and cashed duplicate assistance warrants, the current assistance grant is reduced for a set period of months in order to recover the amount of the alleged overpayment. To use such a standardized arrangement violates 45 C.F.R. § 233.20(a)(12)(f) which provides:

> Any recoupment of overpayments permitted [under this section] may be made from available income and resources . . . or from current assistance payment or from both. If recoupments are made from current assistance payments, *the State shall, on a case-by-case basis, limit the proportion of such not to cause undue hardship [to] recipients.* (emphasis added)

IDPA's standardized policy and practice does not comply with this requirement. This Court concludes that such policy and practice violate federal regulatory standards.

### *Irreparable Injury*

Plaintiffs have established that defendant's conduct caused irreparable injury for which there is no adequate remedy at law.

The standardized reduction in assistance grants which does not take into account undue hardship on plaintiffs has here caused such hardship on them and their families.

IDPA determines the amount of AFDC benefits at a level deemed sufficient to meet subsistence needs. Plaintiffs have no income other than their monthly grants available to meet the needs of their families.

Defendant argues that plaintiffs have had the benefits of duplicate assistance payments, i. e., that the money was actually available to plaintiffs for their use as they saw fit. This Court does not agree.

Prior receipt of funds which are no longer available are not relevant to a present inability to meet family subsistence needs. That inability is the present and continuing injury.

Plaintiff Craig's assistance grant of $216.00 per month has been reduced to $180.00 for six months, plaintiff Gooden's assistance grant of $510.00 per month has been reduced to $425.00 for six months, and plaintiff Brown's assistance grant of $216.00 per month has been reduced to $184.00 per month for six months. Because of the IDPA's recoupment policy, plaintiffs Craig, Gooden and Brown are receiving monthly approximately 83% of the amount IDPA deemed necessary to meet their families' basic subsistence needs. Such inability to meet basic needs represents clear and irreparable harm caused by defendant's challenged policy and practice.

Plaintiffs have established that without an injunction there is a substantial likelihood that the current standardized recoupment procedures will continue. Therefore, plaintiffs have no adequate remedy at law.

This Court concludes that defendant's challenged policy and procedure cause plaintiffs irreparable injury.

### *Adverse Effects on Others and Public Interest*

There is no real argument that defendant will suffer any adverse effect as a conse-

quence of the issuance of a preliminary injunction. Defendant is merely being ordered to conform his policy and practice with the requirements of federal regulation. The harm to plaintiffs which would result from denial of this injunction clearly outweighs any arguable harm to defendant. Defendant is not being enjoined from recouping the alleged duplicate payments, but merely from failing to consider each situation on a case-by-case basis. Additionally, an Illinois statute provides that "[a]ny person who by means of any false statement, willful misrepresentation, . . . or through other fraudulent device obtains . . . financial aid under [the Public Aid] Code to which he is not entitled, shall be guilty of a Class A misdemeanor." Illinois Revised Statutes ch. 23, § 11–21 (1975).

The final consideration before this Court is whether the public interest will be served by issuance of the preliminary injunction. This Court finds unpersuasive defendant's argument that the public interest in efficient and orderly administration of its laws and statutes would be adversely affected by the granting of a preliminary injunction. The State will not be enjoined from recoupment altogether—it merely will have to change its policy and practice to conform with federal regulations. Certainly this will serve rather than injure the public interest.

### III. CONCLUSION

This Court makes the following findings:

(1) Defendant's basic policy and practice of recoupment of past overpayments from plaintiffs' current AFDC assistance grants where no other income exists does not violate the rights of plaintiffs under 42 U.S.C. §§ 601, 602(a)(7) and (10), or under 45 C.F.R. § 233.90(a). Such basic policy and practice of recoupment of duplicate assistance payments from current AFDC assistance benefits are therefore permissible and will not be enjoined.

(2) Defendant's specific policy and practice of recoupment from current as-

sistance payments without consideration on a case-by-case basis whether the proposed reduction would cause the assistance unit undue hardship does violate the rights of plaintiffs under 42 U.S.C. § 601 and 45 C.F.R. § 233.20(a)(12)(f) promulgated thereunder.

Accordingly, defendant and his successors in office are ordered to consider on a case-by-case basis whether proposed recoupment reductions of assistance warrants would cause plaintiffs Brown, Craig and Gooden and their dependents undue hardship.